UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

E-ONE, INC., f/k/a Emergency One, Inc., E-ONE EUROPE BV,

          Plaintiffs,

-vs-                                              Case No.  5:05-cv-209-Oc-10GRJ

R. CUSHMAN & ASSOCIATES, INC.,
DRIVE LINE SYSTEMS, BV, MTU
DETROIT DIESEL BENELUX, f/k/a MDB-Roodenburg,

          Defendants.
_____

**O R D E R**

The United States Magistrate Judge has issued a report (Doc. 77) recommending that Defendant Drive Line Systems B.V.'s Motion to Dismiss (Doc. 28), Defendant MTU Detroit Diesel Benelux's Motion to Dismiss and/or Quash Service of Process (Doc. 34), and Defendant R. Cushman & Associates, Inc.'s Motion to Dismiss for Forum Non Conveniens and in the Alternative, for a Change of Venue Based Upon the Parties' Forum Selection Clause (Doc. 31) be denied.  The Defendants have filed objections (Doc. 85, 86, 87) to the Magistrate Judge's findings, to which the Plaintiffs have responded (Doc. 90, 94, 95).

**Drive Line Systems B.V.**

Defendant Drive Line Systems B.V. ("DLS") asserts the following objections to the Magistrate Judge's report recommending the denial of its motion to dismiss: (1) the  report errs by concluding that the forum selection clause in the contract between Plaintiff E-One

Europe B.V. ("E-One Europe") and DLS does not require dismissal of the action; (2) the report errs in concluding that the Court has in personam jurisdiction over DLS under Florida Statutes section 685.102; (3) the report errs in concluding that the Court's exercise of in personam jurisdiction over DLS does not violate due process; and (4) the report errs in concluding that the case should not be dismissed on forum non conveniens grounds.

First, as to DLS' assertion that the forum selection clause in the contract between E-One Europe and DLS is mandatory and requires dismissal of the action, DLS' objection is due to be overruled. The forum selection clause at issue reads as follows:

> LAW AND JURISDICTION
> These conditions and each and every contract shall be:
> (a) governed by English law; and
> (b) subject to the jurisdiction of the English Courts
> Provided that the Buyer shall in its absolute discretion be entitled to refer any dispute to arbitration by a single arbitrator appointed (on the Buyer's application) by the President for the time being of the New Castle Law Society.

The Court agrees with the Magistrate Judge that the forum selection clause is permissive - not mandatory - because it neither clearly specifies England as the only place of jurisdiction, nor contains language prohibiting the parties from bringing claims in other courts of competent jurisdiction.

Second, DLS asserts that the Court lacks in personam jurisdiction over it pursuant to Florida Statutes section 685.102. Section 685.102 provides for jurisdiction over "any person or other entity residing or located outside this state, if the action or proceeding arises out of or relates to any contract, agreement, or undertaking" containing a Florida choice of law clause and submission to jurisdiction in Florida. However, as explained by

the Magistrate Judge, the Plaintiffs have properly stated a basis for obtaining in personam jurisdiction over DLS pursuant to Florida's long-arm statute by alleging that DLS breached a contract in Florida "by failing to perform acts required by the contract to be performed in this state." Fla. Stat. § 48.193(1). Namely, the Plaintiffs alleged that the contract required the delivery of power packs in Florida and DLS breached the contract by delivering power packs that were defective. DLS does not address this basis for in personam jurisdiction in its objections to the Magistrate Judge's report and recommendations. Thus, as an initial matter, DLS's objection to the alternative basis for in personam jurisdiction stated by the Magistrate Judge - section 685.102 - does not affect the outcome of this case. In any event, to the extent that DLS objects to the Magistrate Judge's finding that "section 685.102 provides another basis for the Court to exercise jurisdiction over DLS," that objection is due to be overruled. It is undisputed that the parties included the provision consenting to Florida jurisdiction in the First Purchase Order. Even if the First Purchase Order was superseded by entry into the Second Purchase Order, the Plaintiffs have offered unrefuted evidence that prior to the issuance of the Second Purchase Order, DLS had already begun to perform - and allegedly breach - its contractual obligations under the First Purchase Order by sending to E-One in Florida several of the component parts for the power packs, cradles for the first two power packs and tools necessary to work on the power packs.

Third, as to DLS' assertion that the Court's exercise of in personam jurisdiction over DLS violates due process, DLS' objection is due to be overruled. The Magistrate Judge correctly determined that the Plaintiffs' unrefuted allegations, if true, show that DLS made

continuous and systematic contacts with E-One in Florida over the course of at least a two-year period, and are sufficient to show that DLS purposefully availed itself of the privilege of conducting activities within Florida and should reasonably have anticipated being haled into court here.

Fourth, as to DLS' assertion that the case should be dismissed on forum non conveniens grounds, DLS' objection is due to be overruled.  DLS asserts that the Magistrate Judge erred in his consideration of the public and private interest factors that are necessary to a finding concerning forum non conveniens.  However, upon independent consideration of the analysis performed by the Magistrate Judge and the objections submitted by DLS, the Court concludes that the Magistrate Judge appropriately weighed the public and private interest factors at issue here and properly concluded that those factors militate against dismissing this case on forum non conveniens grounds.

### MTU Detroit Diesel Benelux

Defendant MTU Detroit Diesel Benelux ("MTU") asserts the following objections to the Magistrate Judge's report recommending the denial of its motion to dismiss and/or quash service of process: (1) the report errs by concluding that the Court has in personam jurisdiction over MTU; (2) the report errs in concluding that the Court's exercise of in personam jurisdiction over MTU does not violate due process; and (3) the report errs in concluding that the case should not be dismissed on forum non conveniens grounds.

First, MTU asserts that the Court lacks in personam jurisdiction over it. MTU contends that the Magistrate Judge erred in basing his finding of personal jurisdiction on the conclusion that MTU committed a tortious act in Florida, because the economic loss rule bars any such tort. As an initial matter, this argument is not properly before the Court because MTU failed to make this argument to the Magistrate Judge. In any case, MTU's position lacks merit. The determination of whether a defendant committed a "tortious act" for the purpose of exercising personal jurisdiction is a wholly separate question from whether the economic loss rule bars a party from bringing an action based upon tort. Further, the Plaintiffs allege negligent misrepresentation, which is not barred in Florida by the economic loss rule.[1]

In addition, MTU asserts that any tortious acts by MTU employees in Florida were committed solely in their capacities as agents of DLS and, thus, MTU did not commit a tortious act in Florida. MTU's argument misses the point because it is well settled that, "An agent who does an act otherwise a tort is not relieved from liability by the fact that he acted at the command of the principal or on account of the principal."[2] Accordingly, MTU's objection is due to be overruled.

---

[1] See Indemnity Ins. Co. v. Am. Aviation, Inc., 891 So. 2d 532, 543 (Fla. 2004).

[2] Restatement of Agency (Second), § 343; see Sussman v. First Fin. Title Co., 793 So. 2d 1066, 1069 (Fla. 4th DCA 2001) ("As to the [agent]'s alleged tortious conduct, it is almost universally held that the existence of a principal and agent relationship is immaterial, the tort liability of the agent not being based upon the existence of any contractual relationship between the agent and a principal but upon the common law obligation that every person must so reasonably act or use that which he or she controls as not to harm another.").

Second, as to MTU's assertion that the Court's exercise of in personam jurisdiction over MTU violates due process, MTU's objection is due to be overruled. The Magistrate Judge correctly determined that the Plaintiffs' unrefuted allegations, taken together, show that MTU had minimum contacts with the State of Florida and that MTU should reasonably have anticipated being haled into court here concerning disputes arising out of its involvement with the power packs.

Third, as to MTU's assertion that the case should be dismissed on forum non conveniens grounds, MTU's objection is due to be overruled. MTU asserts that the Magistrate Judge erred in his consideration of the public and private interest factors that are necessary to a finding concerning forum non conveniens. However, upon independent consideration of the analysis performed by the Magistrate Judge and the objections submitted by MTU, the Court concludes that the Magistrate Judge appropriately weighed the public and private interest factors at issue here and properly concluded that those factors militate against dismissing this case on forum non conveniens grounds.

### R. Cushman & Associates, Inc.

Defendant R. Cushman & Associates, Inc. ("Cushman") asserts that the Magistrate Judge's report recommending denial of its motion to dismiss for forum non conveniens and in the alternative, for a change of venue based upon the parties' forum selection clause errs in concluding that the case should not be dismissed on forum non conveniens grounds. Specifically, Cushman asserts that the Magistrate Judge erred in his consideration of the

public and private interest factors that are necessary to a finding concerning forum non conveniens.  However, upon independent consideration of the analysis performed by the Magistrate Judge and the objections submitted by Cushman, the Court concludes that the Magistrate Judge appropriately weighed the public and private interest factors at issue here and properly concluded that those factors militate against dismissing this case on forum non conveniens grounds.  Accordingly, Cushman's objection is due to be overruled.

Upon due consideration of the Defendants' individual objections, and upon an independent examination of the file, it is ordered that:

(1) Defendant Drive Line Systems B.V.'s objections (Doc. 87) to the report and recommendations of the Magistrate Judge are OVERRULED;

(2) Defendant MTU Detroit Diesel Benelux's objections (Doc. 86) to the report and recommendations of the Magistrate Judge are OVERRULED;

(3) Defendant R. Cushman & Associates, Inc.'s objections (Doc. 85) to the report and recommendations of the Magistrate Judge are OVERRULED;

(4) the report and recommendation of the Magistrate Judge (Doc. 77) is adopted, confirmed, and made a part of this Order;

(5) Defendant Drive Line Systems B.V.'s Motion to Dismiss (Doc. 28) is DENIED;

(6) Defendant MTU Detroit Diesel Benelux's Motion to Dismiss and/or Quash Service of Process (Doc. 34) is DENIED; and

(7) Defendant R. Cushman & Associates, Inc.'s Motion to Dismiss for Forum Non Conveniens and in the Alternative, for a Change of Venue Based Upon the Parties' Forum Selection Clause (Doc. 31) is DENIED.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 11th day of September, 2006.

*[signature]*

UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record